IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY GRANT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1487-K |
| | § | |
| DALLAS COUNTY, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Rodney Grant, a former inmate in the Dallas County Jail, against Dallas County, Texas and six unidentified members of the jail medical staff. On August 17, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about his claims and the identity of potential defendants. Although plaintiff provided some information in response to the interrogatories, his answers were inconclusive. On October 13, 2006, the court held a *Spears*[1] hearing to investigate

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

the factual basis of the complaint in more detail. Plaintiff appeared at the hearing and testified under oath regarding the claims made the basis of this suit. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

On or about April 22, 2006, plaintiff was booked into the Dallas County Jail on unspecified criminal charges. At book-in, plaintiff told the intake nurse that he was taking prescription medication for diabetes and high blood pressure. However, he did not receive any of his medications and was not examined by a doctor for three months. When plaintiff finally saw a doctor and resumed his medications, he alleges that the nursing staff failed to administer those medications as prescribed. Plaintiff now claims that the initial delay in providing him with medical care and his subsequent treatment by the jail medical staff exacerbated problems related to his diabetes and high blood pressure. In particular, plaintiff alleges that he has experienced episodes of low blood sugar, poor circulation, blurry vision, swollen feet, and that three toes on his left foot turned "black and blue." By this suit, plaintiff seeks $25,000 in damages and injunctive relief.

III.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (1) is frivolous or malicious;
>
> (2) fails to state a claim upon which relief can be granted; or
>
> (3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-*

*El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

A.

The prohibition against cruel and unusual punishment embodied in the Eighth Amendment to the United States Constitution requires prison officials "to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care." *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999) (internal quotation marks and citations omitted). In order to establish a constitutional violation based on the denial of medical care, a plaintiff must show that jail officials acted with deliberate indifference such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that the jail medical staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). Deliberate indifference is an extremely high standard to meet. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A plaintiff must show that the medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince

a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

B.

Assuming that plaintiff can establish deliberate indifference on the part of defendants,[2] his claims still fail as a matter of law.  Under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The injury required by this statute "must be more than *de minimus* [sic], but need not be significant."  *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004).  Here, plaintiff alleges that the three-month delay in receiving his diabetes and blood pressure medications, and the failure of the nursing staff to administer those medications as prescribed, caused him to experience episodes of low blood sugar, poor circulation, blurry vision, swollen feet, and that three toes on his left foot turned "black and blue."  Such symptoms are insufficient to establish "physical injury" under the PLRA.  *See, e.g. id.* at 630-31 (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis*); *Mitchell v. Horn*, No. 98-4742, 2005 WL 1060658 at * (E.D. Pa. May 5, 2005) (severe headaches and itching were temporary *de minimis* injuries); *Osterback v. Ingram*, No. 3-96-CV-580-LAC, 2000 WL 297840 at *3 (N.D. Fla. Jan. 12, 2000) (migraine headache does not rise to level of physical injury); *Morgan v. Dallas County Sheriff Dep't*, No. 3-04-CV-2172-D, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11,

---

[2] A mere delay in receiving medical care, standing alone, does not amount to a constitutional violation.  *See Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990); *Simons v. Clemons*, 752 F.2d 1053, 1056 (5th Cir. 1985). Regardless of the length of delay, a plaintiff must show that jail officials were deliberately indifferent to his serious medical needs.  *See Troia v. Bedwell*, Civ. A. No. 05-339, 2006 WL 1968913 at *9 (E.D. La. May 15, 2006) (citing cases), *rec. adopted*, 2006 WL 1985804 (E.D. La. Jun. 8, 2006).  It is highly questionable whether plaintiff has made such a showing in this case.

2005), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (allegation of "undue pain . . . on a regular basis" insufficient to establish physical injury).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 16, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE